IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IZELL SEALS,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER JOHN RUSSELL, et al.,<br><br>    Defendants. | No. C 04-1569 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT AND DIRECTING UNITED STATES MARSHAL TO PERSONALLY SERVE DEFENDANT W. YOUNG PURSUANT TO FRCP 4(e)(2)** |

## BACKGROUND

In its initial Order, the Court found that the following claims in Plaintiff's complaint were cognizable under § 1983:

1. Eighth Amendment claim against Defendants Russell and Bierman for the use of excessive force on April 22, 2003;

2. Eighth Amendment claim against Defendants Russell, "Vonda,"[1] Stottsberry and Fitian for deliberate indifference to Plaintiff's medical needs; and

3. Due process claim against Defendants Brown and Porter, the hearing officers at Plaintiff's April 27, 2003 disciplinary hearing relating to the April 22, 2003 incident.

Because the exact nature of Plaintiff's placement in isolation from October 10, 2003 to March 25, 2004 was unclear, the Court ordered service of the due process claim (that he was not given a proper hearing prior to being placed in isolation) in order for the following named Defendants to address Plaintiff's claim: Sheriff Rodney K. Mitchell, Chief Classification Officer Virginia Barajas, Chief Disciplinary Officer Jason Sestito, Chief Crystal Eyerly and Chief James Bauman. Plaintiff's claims against Sgt. Alice Riedle, Aide Teresa Efestione and Officer Robin Hauff were dismissed with leave to amend because the roles of these defendants in the alleged constitutional violations were not clear. All other claims in Plaintiff's complaint were dismissed.

---

[1] Plaintiff was directed to furnish the Court with Case Worker Vonda's full name; however, to date, Plaintiff has not done so. This serves as a second notice to Plaintiff that if he fails to furnish the Court with the full name of Case Worker Vonda within the deadline set out in its May 23, 2007 Order of Partial Dismissal and Service, then his claim against Case Worker Vonda will be dismissed without prejudice pursuant to Rule 4(m).

## **DISCUSSION**

**I.    Plaintiff's Request for Leave to File an Amended Complaint**

On June 4, 2007, Plaintiff filed a document entitled "Notice of Amended Complaint. Notice of Response to Order. Notice of Continued Intent to Prosecute." On the first two pages of this document, Plaintiff duplicates the first two pages of the Court's Order of Partial Dismissal and Service issued on May 23, 2007. On the following pages, Plaintiff lists the claims that were reviewed by the Court and all the named defendants. He then requests the Court to add Officer W. Young as a defendant in this action.[2] He also requests for leave to amend his complaint to add three new claims.

Upon reviewing this document, the Court finds that it fails to remedy the infirmities of Plaintiff's original complaint because he does not link Defendants Riedle, Efestione and Hauff to his claims by explaining what each defendant did that caused a violation of his constitutional rights. Plaintiff was given leave to file an amendment to the complaint and to include claims linking Defendants Riedle, Efestione and Hauff. He was directed to "shall resubmit **only** those claims and not the entire complaint." May 23, 2007 Order at 14. He was also directed to clearly label the document an "Amendment to the Complaint," and to write in the case number for this action. Id. He was warned that "The failure to do so within the thirty-day deadline will result in the dismissal of any claims against Defendants Riedle, Efestione and Hauff without prejudice." Id. This serves as Plaintiff's second notice that the failure to timely file the above-referenced amendment to the complaint will result in the dismissal of any claims against Defendants Riedle, Efestione and Hauff without prejudice.

---

[2] According to the Court's May 23, 2007 Order of Partial Dismissal and Service, "Plaintiff names Officer W. Young as being part of the April 27, 2003 disciplinary hearing; however, Officer Young need not address Plaintiff's claim because Plaintiff did not name Officer Young as a defendant in this action." May 23, 2007 Order at note 3. Plaintiff claims that he originally intended to name Defendant Young as a defendant; therefore, he requests the Court to "correct a[n] error in his initial filing of his complaint . . . and now add Officer W. Young as a defendant in the above mention[ed] complaint."

The "Notice of Amended Complaint. Notice of Response to Order. Notice of Continued Intent to Prosecute" itself is handwritten and is thirty-three pages long. Plaintiff seeks to add new claims that were not in the original complaint and outside the scope of permissible amendments ordered by the Court.

This action was filed on April 21, 2004, more than three years ago.[3] Plaintiff original complaint, which was fifty-five pages long, pertains to a specific set of events and a limited number of Defendants who have been served upon an initial review by the Court. While Plaintiff has had the opportunity to file proper amendments to his complaint for the past three years, he has failed to so. Instead, Plaintiff now presents the Court with another lengthy thirty-three page document. The Court finds that it is in the interests of justice and judicial efficiency to construe Plaintiff's "Notice of Amended Complaint. Notice of Response to Order. Notice of Continued Intent to Prosecute" as a request for leave to file an amended complaint, and the Court DENIES Plaintiff's request.

However, the Court GRANTS Plaintiff's request to add Defendant Young as a defendant in this action. Because the Court has previously found a cognizable due process claim against Defendants Brown and Porter, the hearing officers at the April 27, 2003 hearing, it follows that Plaintiff has stated a cognizable due process claim against Defendant Young, who was also a hearing officer at the April 27, 2003 hearing. The Court orders service of Plaintiff's due process claim so that Defendant Young may address it.

Accordingly, Plaintiff's case may now proceed on the due process claim against Defendant Young along with the remaining cognizable claims identified earlier in this Order, see supra at 1, and pursuant to the scheduling order in the Court's May 23, 2007 Order of Partial Dismissal and

---

[3] Plaintiff has since filed numerous other civil rights actions in this Court, many of which are still pending. See e.g., Seals v. Mitchell, et al., Case No. 04-3764 SBA (pr); Seals v. Cardoza, et al., Case No. 05-0496 SBA (pr); Seals v. Mitchell, et al., Case No. 05-1863 SBA (pr).

3

Service.

## II. Pleading Requirements

Because Plaintiff has not been following proper pleading requirements. All future pleadings submitted by Plaintiff to the Court shall comply with the following provisions of Rules 3-4(c)(2)-(3), and 7-4(a)(2)-(5), (b), of the Northern District of California Civil Local Rules:

Rule 3-4. Papers Presented for Filing.

(c) General Requirements.

    (2) Written Text. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements.

    (3) Identification of Paper. Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation. Once the Court assigns a case number to the action that case number must be included in the footer.

Rule 7-4. Brief or Memorandum of Points and Authorities.

(a) Content. In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:

***

    (2) If in excess of 10 pages, a table of contents and a table of authorities;

    (3) A statement of the issues to be decided;

    (4) A succinct statement of the relevant facts; and

    (5) Argument by the party, citing pertinent authorities.

(b) Length. Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Civil L.R. 3-4(c)(2)-(3), 7-4(a)(2)-(5), (b).

Any pleadings which do not meet these requirements and for which prior permission to

exceed the page limits has not been sought shall be returned to Plaintiff without being filed.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's "Notice of Amended Complaint.  Notice of Response to Order.  Notice of Continued Intent to Prosecute" (docket no. 54) is construed as a request for leave to file an amended complaint.  The Clerk of the Court is directed to docket the aforementioned document as Plaintiff's "Request for Leave to File an Amended Complaint."  The Court DENIES Plaintiff's request.

2.     The Court GRANTS Plaintiff's request to add Defendant Young as a defendant in this action.  Good cause appearing therefor, the United States Marshal is hereby ORDERED to attempt to effect personal service upon **Lake County Jail Officer W. Young**.  The United States Marshal shall serve Defendant Young "personally" or at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of Defendant Young "authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2). The Clerk of the Court shall provide the United States Marshal with the necessary summons and copies of the complaint (docket no. 1) and all its attachments along with the Court's Order of Partial Dismissal and Service dated May 23, 2007 (docket no. 53), to comply with this Order within **twenty (20) days** of the date of this Order.  The Clerk shall include on the summons form, USM 285, the following special instructions:

> Pursuant to Federal Rule of Civil Procedure 4(e)(2), the United States Marshal shall serve Officer W. Young "personally" or at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of Officer W. Young "authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).  The address for such service is at Lake County Jail, 4913 Helbush Drive, Lakeport, California 95453.

IT IS SO ORDERED.

DATED: 6/12/07

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SEALS,

        Plaintiff,

v.

RUSSELL et al,

        Defendant.

Case Number: CV04-01569 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 13, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Izell Seals V77488
California State Prison - San Quentin
San Quentin, CA 94974

Dated: June 13, 2007

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.04\Seals1569.serveYOUNG.frm      6