IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL IZELL SEALS, | ) | No. C 04-1569 SBA (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER (1) ISSUING SECOND ORDER OF SERVICE; (2) DIRECTING DEFENDANTS STOTTSBERRY AND FITIAN TO FILE A DISPOSITIVE MOTION; (3) GRANTING PLAINTIFF AN EXTENSION OF TIME TO FURNISH THE COURT WITH THE FULL NAME OF CASE WORKER "VONDA"; (4) GIVING NOTICE TO PLAINTIFF REGARDING INABILITY TO SERVE DEFENDANTS BIERMAN, BROWN, SESTITO AND YOUNG; AND (5) DENYING DISCOVERY MOTION** |
| v. | ) | |
| OFFICER JOHN RUSSELL, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket no. 76) |

Plaintiff Michael Izell Seals, a state prisoner currently incarcerated at San Quentin State Prison and a frequent litigant in federal court, filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 alleging constitutional rights violations that occurred when he was incarcerated at Lake County Jail.

In its initial review of the complaint, the Court dismissed all claims with the exception of the following four claims, were ordered served on Defendants:

(1)  The Court determined that Plaintiff stated cognizable claims against Defendants Officers John Russell and Dennis Bierman for the use of excessive force;

(2)  The Court determined that Plaintiff stated cognizable claims against Defendants Russell, Case Worker "Vonda," Medical Director Alisha Stottsberry and Dr. Fitian of the California Forensic Medical Group for deliberate indifference to Plaintiff's medical needs;

(3)  The Court determined that Plaintiff stated a cognizable due process claim against Officers J. Brown, W. Young and D. Porter, the hearing officers at the April 27, 2003 hearing; and

(4)  Because the exact nature of Plaintiff's placement in isolation from October 10,

2003 to March 25, 2004 is unclear, the Court ordered service of this claim so that the following named Defendants may address Plaintiff's claim: Sheriff Rodney K. Mitchell, Chief Classification Officer Virginia Barajas, Chief Disciplinary Officer Jason Sestito, Chief Crystal Esberg[1] and Chief James Bauman.

In addition, Plaintiff's claims against the following named Defendants were dismissed with leave to amend: Sgt. Alice Riedle, Aide Teresa Efestione and Officer Robin Hauff. The Court determined that the roles of these defendants in the alleged constitutional violations were not clear; therefore, the Court directed Plaintiff to file an amendment to the complaint in order to link the aforementioned defendants to his claims by explaining what each defendant did that caused a violation of his constitutional rights.

On June 20, 2007, Plaintiff filed an amendment to the complaint.

On July 5, 2007, Defendants Stottsberry and Fitian filed their Answer.

On July 18, 2007, Defendants Mitchell, Esberg, Barajas, Bauman, Porter, Russell filed their Answer. On August 13, 2007, they filed a motion for summary judgment.

To date, Defendants Stottsberry and Fitian have not filed a motion for summary judgment or a notice that they are of the opinion that this case cannot be resolved by summary judgment. The Court DIRECTS Defendants Stottsberry and Fitian to file a motion for summary judgment or other dispositive motion pursuant to the scheduling order outlined below.

Plaintiff did not supply the Court with the full name of Case Worker "Vonda;" therefore the Court did not direct the United States Marshall to effect service on this defendant. Plaintiff was directed to furnish the Court with the full name of Case Worker "Vonda;" however, to date, Plaintiff has not done so. Instead, Plaintiff filed a letter with the Court on June 12, 2007 indicating that he has "made every attempt possible" to obtain the full name of Case Worker "Vonda." He claims that he was only able to write Lake County Jail Director of Personnel Glenn Walters to ask for assistance, but he has not received a response.

While Plaintiff may rely on service by the U.S. Marshal, "a plaintiff may not remain silent

---

[1] Plaintiff named Chief Crystal Eyerly as a Defendant in this action; however, counsel for Defendants has informed the Court that Defendant Eyerly is now known as Chief Crystal Esberg.

2

and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the marshal is unable to effectuate service through no fault of his own, e.g., because plaintiff failed to provide sufficient information and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal under Federal Rule of Civil Procedure 4(m).  See Fed. R. Civ. P. 4(m) (If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause."); see also Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

Because Plaintiff has shown that he is diligently attempting to furnish the Court with the full name of Case Worker "Vonda," the Court GRANTS Plaintiff a **ninety-day (90-day)** extension of time to accomplish this task as outlined below.

Defendants Bierman, Brown, Sestito and Young have not been served in this action.  The Lake County Sheriff's Department has informed the Court that service could not be completed on Defendants Bierman, Brown, Sestito and Young because they are no longer employed at that facility.  Before the Court can arrange to serve them, Plaintiff must provide the Court with the location of these Defendants no later than **ninety (90) days** of the date of this Order.

On July 13, 2007, Plaintiff filed a document entitled "Motion Request for Pitchess Motion and Subpoena of Personnel Files.  Response to Order.  Motion for Discovery" (docket no. 76). Plaintiff requests "all personnel records and files" of the unserved Defendants as well as the names of their "next of kin and family . . . thru [sic] their applications and other documents in their personnel files to show a place of residence or a [sic] emergency contact person. . . ."  It is unclear from the Court's file whether Plaintiff's discovery request was ever served upon the served Defendants, or whether they had adequate time to respond.  Accordingly, Plaintiff's motion with respect to his discovery demands requesting the location of the unserved Defendants

3

is DENIED as premature (docket no. 76). In the interest of justice, the Court orders Plaintiff to serve upon the served Defendants with a copy of his discovery demands requesting the location of the unserved Defendants. The parties are directed to complete discovery in accordance with the Court's scheduling order outlined below.

As mentioned above, upon conducting an initial review the Court dismissed with leave to amend any claims against Defendants Riedle, Efestione and Hauff. The Court determined that the roles of these defendants in the alleged constitutional violations were not clear; therefore, the Court directed Plaintiff to file an amendment to the complaint in order to link the aforementioned defendants to his claims by explaining what each defendant did that caused a violation of his constitutional rights. Plaintiff has filed his Amendment to the Complaint.

Plaintiff states that he is suing Defendant Riedle in her supervisory capacities because she was "one of the two sergeants who lead [sic] the squad of correctional officers into C-Pod Cell #6 where she 'ordered' and allowed both Correctional Officers John Russell and Dennis Bierman to enter cell #6 to use excessive force against the Plaintiff." He claims that Defendant Riedle "had knowledge as a witness to the excessive force against the Plaintiff as a Jail Supervisor and she did nothing to stop the Officers John Russell and Dennis Bierman from using excessive force against the Plaintiff." He further alleges that she failed "to help the plaintiff get medical or mental health treatment after being a victim of a assault by the Lake County Jail Staff on April 22, 2003." A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001). Liberally construed, the allegations in Plaintiff's Amendment to the

Complaint assert a cognizable claim for supervisory liability against Defendant Riedle.

Plaintiff also alleges that on April 23, 2003, Defendant Efestione fabricated a report charging Plaintiff with indecent exposure, in retaliation for the April 22, 2003 alleged excessive force incident involving Defendants Russell and Bierman. He also alleges that on July 16, 2003, Defendant Efestione filed another fabricated report charging Plaintiff with another incident of indecent exposure, in retaliation for grievances Plaintiff filed against Defendant Efestione. Finally, Plaintiff alleges that on July 16, 2003, Defendant Hauff fabricated a report charging Plaintiff with yet another incident of indecent exposure, in retaliation for "several inmate grievances Plaintiff filed against jail staff."[2] A plaintiff may state a claim under § 1983 if state actors retaliated against him for the exercise of his First Amendment rights, Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977), including his right of access to established prison grievance procedures, Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); accord Hines v. Gomez, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). The plaintiff must establish both that the type of activity engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. Mt. Healthy, 429 U.S. at 285-87; see also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir. 1989) (inferring retaliatory motive from timing and nature of suspensions). A prisoner suing prison officials under § 1983 for retaliation must further allege that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); see also Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) (contention that actions "arbitrary and capricious" sufficient to allege retaliation). A plaintiff need not show that the retaliatory action taken in response to the exercise of constitutional rights independently deprived the plaintiff of a constitutional right. See, e.g., Mt. Healthy, 429 U.S. at 283; Soranno's Gasco, 874 F.2d at 1314. But the plaintiff must show that he or she suffered some adversity for

---

[2] Plaintiff claims that while all three charges of indecent exposure were "dismissed in court by the District Attorney's Office of Lake County," he continued to suffer from "mental depression" at the Lake County Jail.

exercising protected rights. American Civil Liberties Union of Maryland v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). Plaintiff alleges that Defendants Efestione and Hauff prepared a false report in retaliation for his filing prison grievances against Defendants Efestione and the jail staff. His allegations in his Amendment to the Complaint state a cognizable retaliation claim against Defendants Efestione and Hauff.

Accordingly, the aforementioned cognizable claims alleged in his Amendment to the Complaint against Defendants Riedle, Efestione and Hauff will be served as outlined below.

## CONCLUSION

1. Plaintiff's Amendment to the Complaint asserts a cognizable claim for supervisory liability against Defendant Riedle.

2. Plaintiff's Amendment to the Complaint asserts cognizable retaliation claims against Defendants Efestione and Hauff.

3. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the complaint as well as copies of all attachments thereto (docket no. 1); (2) the Amendment to the Complaint dated June 20, 2007; and (3) a copy of this Order upon the following prison officials at the Lake County Jail: **Sgt. Alice Riedle, Aide Teresa Efestione and Officer Robin Hauff.** The Clerk of the Court shall also mail a courtesy copy of the Amendment to the Complaint and a copy of this Order to the Lake County Counsel's Office and to counsel for the served Defendants. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants Riedle, Efestione and Hauff shall answer the Amendment to the Complaint in accordance with the Federal Rules of Civil Procedure.

5. The case has been pending for more than three years and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

   a. The Court directs newly-served Defendants Riedle, Efestione and Hauff, along with the already-served Defendants Stottsberry and Fitian, to file a motion for summary judgment or other dispositive motion. Newly-served Defendants Riedle, Efestione and Hauff shall file a motion for summary judgment or other dispositive motion later than **thirty (30) days**

6

1  from the date their answer is due.  While Defendants Stottsberry and Fitian, who have already
2  been served and filed their answers, shall file a motion for summary judgment or other
3  dispositive motion no later than **thirty (30) days** from the date of this Order.  The motion shall
4  be supported by adequate factual documentation and shall conform in all respects to Federal Rule
5  of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by
6  summary judgment, they shall so inform the Court prior to the date the summary judgment
7  motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

8          b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court
9  and served on Defendants no later than **thirty (30) days** after the date on which Defendants'
10 motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

24 See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to
25 read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317
26 (1986) (party opposing summary judgment must come forward with evidence showing triable
27 issues of material fact on every essential element of his claim).  Plaintiff is cautioned that
28 because he bears the burden of proving his allegations in this case, he must be prepared to

7

produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  6. Plaintiff must identify defendants by supplying the Court with their full names before the Court can arrange to serve them. Here, Plaintiff has not sufficiently identified one of the defendants: Case Worker "Vonda" is not a full name. No later than **ninety (90) days** from the date of this Order, Plaintiff must provide the Court with the full name of Case Worker "Vonda." Plaintiff should review the federal discovery rules, Rules 26 through 37 of the Federal Rules of Civil Procedure, for guidance as to how to determine the full name of Case Worker "Vonda." Because Plaintiff is incarcerated and claims that he has been having trouble communicating with the contact person at the Lake County Jail, the Clerk of the Court is directed to send a letter to: Glenn Walters, Director of Personnel for Lake County, 255 N. Forbes Street, Lake Port, CA 95453. The Clerk shall inquire about whether he can furnish the Court with the last name of Case Worker "Vonda," who was a case worker at the Lake County Jail's mental health department from April to August 2003. In the event that Director Walters fails to respond to the Clerk's inquiry, Plaintiff is directed to continue his attempts to furnish the Court with Case Worker "Vonda's" full name. **<u>If Plaintiff fails to do so within the ninety-day deadline, the Court will dismiss Plaintiff's claims against Case Worker "Vonda" from this action without prejudice pursuant to Rule 4(m).</u>**

  7. Before the Court can arrange to serve Defendants Bierman, Brown, Sestito and

8

Young, Plaintiff must provide the Court with the location of these Defendants no later than **ninety (90) days** of the date of this Order. Plaintiff should review the federal discovery rules, Rules 26 through 37 of the Federal Rules of Civil Procedure, for guidance about how to determine the addresses of these unserved Defendants. The Clerk is directed to send Plaintiff copies of the letters filed by the Lake County Sheriff's Department on June 20, 2007 (regarding Defendants Sestito and Bierman) and on June 21, 2007 (regarding Defendant Brown) (docket nos. 63, 64, 65), as well as a copy of the Unexecuted Summons to Defendant Young (docket no. 80).

8. The Court DENIES as premature Plaintiff's motion for discovery pertaining to the location of the unserved defendants (docket no. 76). The Court ORDERS the parties to abide by the Scheduling Order to complete discovery outlined below:

    a. Plaintiff should serve Defendants with a copy of his discovery demands requesting the location of the unserved Defendants no later than **thirty (30) days** from the date of this Order.

    b. Defendants should serve their responses and/or objections to Plaintiff's discovery demands no later than **thirty (30) days** from the date Plaintiff serves his discovery demands on Defendants.

    c. If Defendants do not properly respond or object to Plaintiff's discovery demands, Plaintiff may move to compel discovery no later than **sixty (60) days** from the date of this Order.

    d. Plaintiff and Defendants shall file separate status reports showing the progress of discovery. The status report shall indicate (1) what discovery has been done pertaining specifically to Plaintiff's discovery demands requesting the location of the unserved Defendants, (2) what remains to be done, and (3) how much time is needed to complete discovery. The status reports shall be filed and served no later than **sixty (60) days** from the date of this Order.

    e. In the event that Defendants fail to provide Plaintiff with the location of the unserved Defendants, Plaintiff is directed to continue his attempts to furnish the Court with

9

the location of the unserved Defendants.  **If Plaintiff fails to do so within the ninety-day deadline, the Court will dismiss Plaintiff's claims against Defendants Bierman, Brown, Sestito and Young from this action without prejudice pursuant to Rule 4(m).**

9. The Clerk of the Court is directed to file the document received on June 20, 2007, which is labeled "Amendment to the Complaint," and docket the aforementioned document as Plaintiff's "Amendment to the Complaint."  The Clerk of Court is further directed to mark the Amendment to the Complaint as filed on June 20, 2007, the date it was received by the Court.

10. This Order terminates Docket no. 76.

IT IS SO ORDERED.

DATED: 9/11/07

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.04\Seals1569.SERVICEissues.frm